## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ACCO BRANDS USA LLC,

    Plaintiff,

v.

PERFORMANCE DESIGNED PRODUCTS
LLC,

    Defendant.

C.A. No. 23-437 (GBW)

## **MEMORANDUM ORDER**

Pending before this Court is Defendant Performance Designed Products LLC's ("PDP")

Motion to Dismiss Plaintiff ACCO Brands USA LLC's ("ACCO") Complaint pursuant to Fed. R.

Civ. P. 12(b)(2) and 12(b)(3). D.I. 10 ("the Motion"). The Court has considered the relevant

briefing. D.I. 11, D.I. 14, D.I. 16. For the reasons below, Defendant's Motion is GRANTED.

### I.     BACKGROUND[1]

On April 20, 2023, ACCO filed this action seeking a declaratory judgment of non-infringement

and invalidity of United States Patent Nos. 10,042,435 (the "'435 patent"), 10,942,584 (the "'584

patent"), 10,874,938 (the "'938 patent"), and 10,737,171 (the "'171 patent") (collectively, the

"Asserted Patents") against PDP, the owner of the Asserted Patents. D.I. 1.

### II.    LEGAL STANDARD

#### A. Personal Jurisdiction Under Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which

it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *E.I. DuPont de Nemours & Co. v. Rhodia*

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with the case.

*Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). The determination of whether the court has personal jurisdiction over a party requires a two-part analysis. *E.I. DuPont de Nemours*, 197 F.R.D. at 119. First, the court must determine whether a defendant's actions fall within the scope of a state's long-arm statute. *Id.* Second, the court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution. *Id.* "The Delaware long-arm statute, 10 Del. C. § 3104(c), is to be broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *Kabbaj v. Simpson*, 547 F. App'x 84, 86 n.6 (3d Cir. 2013) (citing *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986)); *see also Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010); *RMG Media, LLC v. iBoats, Inc.*, No. 20-290-RGA, 2021 WL 1227730, at *2 (D. Del. Mar. 31, 2021) (citing *AstraZeneca AB v. Mylan*, 72 F. Supp. 3d 549, 552 (D. Del. Nov. 5, 2014)).

Constitutional due process is satisfied if "sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008); *see also Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). "In undertaking this 'minimum contacts' analysis, the Supreme Court has focused on the nature and extent of 'the defendant's relationship to the forum State.'" *RMG Media*, 2021 WL 1227730, at *2 (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779 (2017)). The purpose of this requirement is to ensure that "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *TriStrata Tech.*, 537 F. Supp. 2d at 641 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"The plaintiff bears the burden of establishing that the defendants are properly subject to the court's jurisdiction." *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017). If a plaintiff makes "factual allegations [that] suggest the possible existence of requisite contacts between the defendant and the forum state with 'reasonable particularity,'" the Court should order jurisdictional discovery. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); *see also Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3rd Cir. 1992). However, "[a]fter discovery has begun, the plaintiff must sustain [its] burden by establishing jurisdictional facts through sworn affidavits or other competent evidence." *Philips Electronics North America Corp. v. Contec Corp.*, No. 2-123-KAJ, 2004 WL 503602, at *3 (D. Del. Mar. 11, 2004) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)) (internal citations omitted).

### III. ANALYSIS

#### A. General Personal Jurisdiction

The Delaware long-arm statute, 10 Del. C. § 3104(c), allows the court to exercise personal jurisdiction over a nonresident in limited instances. Subsection (c)(4) of the Delaware long-arm statute provides for the exercise of general jurisdiction. *Thompson v. Roman Catholic Archbishop of Wash.*, 735 F. Supp. 2d 121, 127 (D. Del. 2010). Subsection (c)(4) states that a court may exercise personal jurisdiction over a defendant when the defendant or its agent "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenues from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4). In other words, it requires that a defendant's contacts with Delaware are so

"continuous and systematic as to render [it] essentially at home in the forum*," Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citation omitted).

PDP asserts that this Court does not have general personal jurisdiction over it because PDP is not "at home" in Delaware.  D.I. 11 at 5.  PDP "is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 9179 Aero Drive, San Diego, CA, 92123." D.I. 1 ¶ 4.  *See also* D.I. 11 at 2, 4.  While PDP concedes that some of its products are sold in Delaware and that it offers to ship products to Delaware, PDP asserts that is not enough to find general jurisdiction.   This Court agrees.  *See Daimler*, 571 U.S. at 132; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *Pfizer Inc. v. Mylan Inc.*, 201 F. Supp. 3d 483, 487 (D. Del. 2016).

ACCO does not appear to dispute that Subsection (c)(4) does not apply, instead pointing this Court to other sections of Delaware's long-arm statute that provide instances wherein a court can exercise specific personal jurisdiction.  D.I. 14 at 7.  When a party moves to dismiss for lack of personal jurisdiction, the non-moving party bears the burden of showing the basis for jurisdiction. *Schubert*, 2020 WL 6888462, at *2.  Since ACCO failed to show a basis for general personal jurisdiction, this Court finds that it does not have a basis to exercise general personal jurisdiction over PDP.

### B.  Specific Personal Jurisdiction

#### 1.  Delaware's Long-Arm Statute

ACCO asserts that "PDP is within the reach of Delaware's long-arm statute since PDP both (1) transacts business or performs work or service in Delaware, and, upon information and belief, (2) contracts to supply services or things in Delaware."  D.I. 14 at 7 (citing 10 Del. C. § 3104(c)(1)-(2)).  In support of this argument, ACCO asserts that "PDP's aggregate Delaware contacts,

4

including its intentional Delaware sales of the [allegedly] patent-embodying products and contracts with Delaware businesses to sell these products, are purposefully directed at Delaware and this case arises out of, or is related to, PDP's Delaware activities." *Id.* ACCO also asserts that the contracts that PDP "must" have with Delaware corporations such as Wal-Mart and GameStop "warrant the exercise of personal jurisdiction" in Delaware. *Id.* at 8.

However, the Federal Circuit has made clear that a declaratory judgment claim "neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). *See also Liqui-Box Corp. v. Scholle Corp.*, C.A. No. 12-464 GMS, 2013 WL 3070872, at *4 (D. Del. June 17, 2013). Thus, the relevant inquiry in determining specific personal jurisdiction in a declaratory judgment action is "to what extent ... the defendant patentee purposefully directed such *enforcement activities* at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Avocent*, 552 F.3d at 1332 (emphasis added).

In the way of enforcement activities, ACCO asserts that PDP sent a notice letter on August 1, 2022 to ACCO. D.I. 1., ¶¶ 7, 22. "Following PDP's initial letter, PDP directed its enforcement-related communications to ACCO in at least five other separate instances throughout 2022 in emails and virtual meetings with ACCO's counsel." D.I. 14 at 9. When PDP filed its lawsuit in California state court, PDP recognized that ACCO was a Delaware entity. *Id.*; *Performance Designed Products LLC vs. Bensussen Deutsch & Associates LLC et al.*, No. 37-2023-00008428, at D.I. 1 ("PDP Complaint").

While "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed," *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995) (citations omitted), the Federal Circuit has "consistently required the defendant to have engaged in 'other activities' that relate to the enforcement or the defense of the validity of the relevant patents." *Avocent*, 552 F.3d at 1334. Examples of these "other activities" include "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008 and *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006)).

"Absent some additional activity aimed at the forum state", there is no personal jurisdiction. *Bos. Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009). Plaintiff ACCO has not shown that PDP has participated in "other activities" such that it could anticipate being brought to court in Delaware. The notice letter was sent to ACCO's Senior Vice President, Eric Bensussen, at his Washington State address. D.I. 1, ¶ 22, Ex. A. And the Federal Circuit has consistently held that "warning letters from [ ] an out-of-state patentee cannot, without more, support personal jurisdiction in an action for a declaratory judgment of patent invalidity and non infringement." *Akro*, 45 F.3d at 1548. As explained in greater detail below, *infra § III.B.2*, the Court is not swayed by the argument that a few virtual meetings to discuss settlement, which ultimately failed to end in agreement or collaboration, amount to "additional activity," but instead could be categorized as an extension of seeking settlement out of court. The Court notes that, in the declaratory judgment context, "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities'

6

directed at the forum and related to the cause of action besides the letters threatening an infringement suit," *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003). ACCO has failed to identify any such "other activities" related to its declaratory judgment cause of action and, as a result, an exercise of personal jurisdiction over PDP in this action would not comport with constitutional notions of fair play and substantial justice. *See Liqui-Box*, 2013 WL 3070872, at *5. Thus, Plaintiff has failed to show that Defendant is subject to personal jurisdiction under Delaware's long-arm statute.

### 2. *Constitutional Due Process*

Even if Plaintiff met its burden to show that Delaware's long-arm statute applies, the Court finds that Defendant is not subjected to personal jurisdiction in Delaware under due process.

The Federal Circuit summarized the Supreme Court's jurisprudence by setting forth a three-factor test—the *Akro* three-factor test—to determine whether asserting jurisdiction over an out-of-state defendant comports with due process. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (citing *Akro,* 45 F.3d at 1545). The three factors are: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair." *Akro,* 45 F.3d at 1545.

In addressing the first factor, ACCO points to *Inamed*, wherein the Federal Circuit found that "the combination of Dr. Kuzmak's infringement letter and his negotiation efforts which culminated in four license agreements with Inamed is sufficient to satisfy the first factor in the three-part *Akro* test." 249 F.3d at 1362. Here, too, ACCO points to the subsequent communications between the parties that took place virtually. D.I. 14 at 10.

7

However, nothing came to fruition from these virtual meetings. D.I. 1, ¶¶ 25-30. Also, this Court considers the Federal Circuit's decision in *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1360 (Fed. Cir. 1998). In *Red Wing Shoe*, the court reasoned that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." 148 F.3d at 1360-61. "The policy behind *Red Wing Shoe* is simple: a right holder should be permitted to send a notice letter to a party in a particular forum to try to settle disputes without being haled into court in that forum. Under [Federal Circuit] precedent (as well as that of our sister circuits), this policy must be considered in determining whether the exercise of jurisdiction would be reasonable and fair." *Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1377 (Fed. Cir. 2022).

In *Apple*, the Federal Circuit stated that it had "no doubt that Zipit's initial contacts with California can be fairly viewed as attempting to settle its dispute with Apple out of court." *Id.* at 1380. However, it ultimately found minimum contacts, noting "Zipit's communications with Apple arguably went further, extending over the course of several years and reaching beyond license negotiations to include the sale of its patents" and Zipit travelled twice to California. *Id.* at 1376, 1380. Comparatively, the Court views the contact in this case as an attempt to settle the matter out of court and, without more, should not serve as the sole basis for finding minimum contacts. Thus, ACCO has failed to demonstrate that this Court may exercise personal jurisdiction over PDP.

C. Venue

"Venue in a declaratory judgment action for patent noninfringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement

8

venue statute, 28 U.S.C. § 1400(b)." *Bristol-Myers Squibb Co. v. Mylan Pharms. Inc.*, C.A. No.

17- 379-LPS, 2017 WL 3980155, at *6 n.8 (D. Del. Sept. 11, 2017) (citations omitted).

Thus, for a declaratory judgment action, venue is proper in:

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, venue is improper under 28 U.S.C. § 1391(b)(1) as PDP does not reside in Delaware.

Residency for venue purposes is determined in accordance with 28 U.S.C. § 1391(c)(2), which

provides that "an entity ... shall be deemed to reside, if a defendant, in any judicial district in which

such defendant is subject to the court's personal jurisdiction with respect to the civil action in

question[.]" Since PDP is not subject to personal jurisdiction in Delaware, *see supra § III.B*, venue

is not proper. Moreover, venue is not proper in Delaware under § 1391(b)(2) because the only

events giving rise to this declaratory judgment claim—a presuit notice letter and four virtual

meetings—occurred outside of this district. *See Shenzhen OKT Lighting Co. v. JLC-Tech LLC*,

No. 20 CIV. 5062 (ER), 2021 WL 4443637, at *10 (S.D.N.Y. Sept. 28, 2021) (finding venue

improper where "the only event Shenzhen has alleged giving rise to the claim is Arlee Lightings

receipt of JLC's patent infringement letter.") Furthermore, venue is not proper in Delaware under

28 U.S.C. § 1391(b)(3) since there is already litigation pending in California, where the defendant

has already subjected itself to personal jurisdiction. D.I. 11 at 14.

D. Jurisdictional Discovery

The court will deny ACCO's request for jurisdictional discovery. D.I. 14 at 20. "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted). ACCO asserts that it "should allowed to explore additional facts supporting the Court's exercise of jurisdiction here, including the frequency and nature of PDP's contacts with customers and other entities in Delaware." D.I. 14 at 20. However, as noted above, *supra § III.B*, the proper focus in a declaratory judgment action is "to what extent ... the defendant patentee purposefully directed ... enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Avocent Huntsville Corp.*, 552 F.3d at 1332. Plaintiff has failed to go beyond "vague assertions about what they hope to find in jurisdictional discovery" which "place[s] their request in the realm of a "fishing expedition." *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, No. CV 21-1736-RGA, 2023 WL 1965090, at *6 (D. Del. Feb. 13, 2023) (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)). Furthermore, ACCO does not purport to search for evidence of enforcement, only contacts with Delaware generally. Thus, Plaintiff has failed to meet the "reasonable particularity" standard set forth in *Toys "R" Us*, and the Court will deny ACCO's request for jurisdictional discovery.

## IV.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to

Dismiss, D.I. 10, is **GRANTED** and Plaintiff's Request for Jurisdictional Discovery is **DENIED**.

 

 

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Date: January 17, 2024